UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Gerald L., | Case No. 20-cv-1352 (SRN/TNL) |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| Andrew M. Saul, Commissioner of Social Security, | |
| Defendant. | |

Edward C. Olson, 331 Second Avenue South, Suite 420, Minneapolis, MN 55401; and Meredith E. Marcus, Daley Disability Law PC, 601 West Randolph Street, Suite 300, Chicago, IL 60661 (for Plaintiff); and

Chris Carillo, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 1301 Young Street, Mailroom 401, Dallas, TX 75202 (for Defendant).

## I. INTRODUCTION

Plaintiff Gerald L. brings the present case, contesting Defendant Commissioner of Social Security's denial of his application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* This matter is before the undersigned United States Magistrate Judge on the Commissioner's Motion to Dismiss Plaintiff's Complaint as Untimely, ECF No. 12. This motion has been referred to the undersigned for a report and recommendation to the district court, the Honorable Susan Richard Nelson, District Judge for the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and D. Minn. LR 72.1.

Based upon the record, memoranda, and the proceedings herein, **IT IS HEREBY RECOMMENDED** that the Commissioner's motion be **DENIED**.

## II. BACKGROUND

Plaintiff filed an application for DIB, which was denied initially and again on reconsideration. Compl. ¶ 5, ECF No. 1; Ex. 1 at 4[1] to Decl. of Dexter Potts, ECF No. 15-1 [hereinafter ALJ Decision]. Plaintiff appealed the reconsideration of his DIB determination by requesting a hearing before an administrative law judge ("ALJ"). Compl. ¶ 5; ALJ Decision at 4. The ALJ held a hearing, and issued an unfavorable decision. Compl. ¶ 5; Decl. of Dexter Potts ¶ (3)(a), ECF No. 15; *see generally* ALJ Decision.

After receiving the unfavorable decision from the ALJ, Plaintiff requested review from the Appeals Council. Compl. ¶ 6; Potts Decl. ¶ (3)(a). By a letter dated March 17, 2020, the Appeals Council denied Plaintiff's request for review. Compl. ¶ 6; Potts Decl. ¶ (3)(a); *see generally* Ex. 2 to Potts Decl., ECF No. 15-2 [hereinafter AC Letter]. The letter informed Plaintiff that if he disagreed with the decision, he could "ask for court review of the [ALJ's] decision by filing a civil action." AC Letter at 2.

The letter further informed Plaintiff that he had "60 days to file a civil action (ask for court review)." AC Letter at 2. The letter explained that these 60 days "start the day after" the letter is received, and it is assumed that the letter is received within "5 days after the date on it" unless it is shown that it was not "receive[d] . . . within the 5-day period."

---

[1] The Court uses the page numbers generated by the Court's electronic filing system.

AC Letter at 2; *see, e.g.*, 20 C.F.R. §§ 404.901 ("Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period."), 422.210(c) ("For purposes of this section, the date of receipt of . . . notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."). Receipt of this notice is not disputed, nor do the parties dispute that, without an extension of time, Plaintiff needed to file a civil action on or before May 21, 2020, in order for it to be timely. Compl. ¶ 7; Comm'r's Mem. at 2, ECF No. 13.

The letter also provided information on extending the time to file a civil action. *See generally* 20 C.F.R. § 404.982 (extension of time to file action federal district court). The letter explained that if a civil action could not be filed within 60 days, an extension could be requested from the Appeals Council. The request was required to be in writing and supported by a "good reason" for the extension. AC Letter at 3; *see* 20 C.F.R. § 404.982; Requests for Extensions of Time to File Civil Action, Soc. Sec. Admin., Office of Hearings & Appeals, *Hearings, Appeals, & Litigation Law Manual* I-3-9-92.A [hereinafter HALLEX] ("Per agency regulations, the request for an extension of time (EOT) to file a civil action must be in writing and must provide good cause for why the deadline was not (or cannot be) met."), *available at* https://www.ssa.gov/OP_Home/hallex/hallex.html. The regulations provide that, if a claimant shows "good cause for missing the deadline, the time period will be extended." 20 C.F.R. § 404.982; *cf.* HALLEX I-3-9-92.B ("If the claimant or appointed representative does not provide a good cause reason for requesting an

3

[extension of time], the [Appeals Council] will deny the request."). The letter stated that the Social Security Administration would "send . . . a letter telling [the claimant] whether [the] request for more time ha[d] been granted." AC Letter at 3.

Prior to the filing of this action, Plaintiff was represented by another attorney. ALJ Decision at 4; Pl.'s Resp. at 2, ECF No. 17; *see generally* Pl.'s Exs., ECF No. 18-1. On May 18, 2020, Plaintiff's prior attorney faxed an extension request to the Appeals Council, requesting a 30-day extension of time, "through June 15, 2020." *E.g.*, Pl.'s Exs. at 3.[2] Plaintiff's prior attorney explained that his firm "do[es] not represent claimants in [federal] district court" and had "sent the case to another firm for review." *E.g.*, Pl.'s Exs. at 3. The extension was sought in order for the other firm to review the case, "obtain representational forms, and to prepare and file [a] civil action in U.S. District Court." *E.g.*, Pl.'s Exs. at 3.

The extension request was sent to the two fax numbers listed for the court case preparation and review branch of the Social Security Administration's Office of Appellate Operations covering cases within the Eighth Circuit. *E.g.*, Pl.'s Exs. at 3; *see* Office of Appellate Operations Geographic Assignments, HALLEX I-3-0-7. The requested 30-day extension had not been ruled upon when this action was filed on June 11, 2020. Compl. ¶ 7. It is not clear from the record before the Court whether the extension request was ever ruled upon.

---

[2] *See supra* n.1.

## III. ANALYSIS

The Commissioner moves to dismiss this matter as untimely, stating that he "is not aware of any request for an extension of time to file a civil action." Potts Decl. ¶ (3)(b). In opposition to the Commissioner's motion, Plaintiff has provided the Court with fax transmission reports showing that the transmission of the extension request to each number went through successfully. Pl.'s Exs. 1-2.

### A. Federal Rule of Civil Procedure 12(b)(6) & Documents Embraced by the Complaint

"A court may dismiss a claim under Rule 12(b)(6) as barred by the statute of limitations if the complaint itself establishes that the claim is time-barred." *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011); *accord, e.g.*, *Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018). "[T]his means simply that the district court is limited to the materials properly before it on a motion to dismiss, which may include public records and materials embraced by the complaint." *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 983 (8th Cir. 2008); *see Humphrey*, 891 F.3d at 1081; *Illig*, 652 F.3d at 976. "[M]aterials embraced by the complaint include documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (quotation omitted).

In the Complaint, Plaintiff challenges a final administrative decision by the Commissioner, which necessarily implicates that administrative process. *See Jorgensen v. Colvin*, No. 16-cv-1025 (JRT/SER), 2017 WL 431777, at *3 (D. Minn. Jan. 9, 2017), *report*

5

*and recommendation adopted*, 2017 WL 424854 (D. Minn. Jan. 31, 2017). The Complaint specifically identifies relevant decisions and documents at various steps in that process, and the parties have submitted those documents to the Court in connection with the instant motion. Neither party disputes the authenticity of these documents. Accordingly, for purposes of this motion, the Court deems these documents to be embraced by the Complaint and their consideration does not convert the Commissioner's motion to dismiss into a motion for summary judgment. *Id.*; *see also Montez v. Astrue*, No. 08-cv-634 (PJS/RLE), 2009 WL 88337, at *3 (D. Minn. Jan. 12, 2009); *cf.* Fed. R. Civ. P. 12(d).

### B. Section 405(g)'s 60-Day Limitations Period

The Social Security Act "provides a limited window in which a plaintiff can bring a civil action in federal court." *Jorgensen*, 2017 WL 431777, at *2 (citing *Califano v. Sanders*, 430 U.S. 99, 108-09 (1977)). Pursuant to 42 U.S.C. § 405(g),

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

*See also* 20 C.F.R. §§ 404.981, 422.210(c); *Bess v. Barnhart*, 337 F.3d 988, 989-90 (8th Cir. 2003) (per curiam); *cf.* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."). As discussed above, "[t]he presumptive date of receipt of a mailed notice is five days after the date of the decision."

6

*Phillips v. Saul*, No. 4:19-CV-1898-AGF, 2020 WL 4429552, at *2 (E.D. Mo. July 31, 2020); *see* 20 C.F.R. §§ 404.901, 422.210(c); *Bess*, 337 F.3d at 989-90.

This "60-day requirement is not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986); *see, e.g.*, *Phillips*, 2020 WL 4429552, at *2; *Jorgensen*, 2017 WL 431777, at *2, 4; *Montez*, 2009 WL 88337, at *4. As the limitations period "is a condition on the waiver of sovereign immunity," it "must be strictly construed." *Bowen*, 476 U.S. at 479; *see, e.g.*, *Jorgensen*, 2017 WL 431777, at *4; *Montez*, 2009 WL 88337, at *4.

### C. Availability of Equitable Tolling

At the same time, in *Bowen*, the Supreme Court "recognized that the doctrine of equitable tolling might apply to the limitations period of [§] 405(g), when supported by the particular circumstances of the case." *Montez*, 2009 WL 88337, at *5 (citing 476 U.S. at 478-81); *accord Phillips*, 2020 WL 4429552, at *2. Noting that this limitations period was "contained in a statute that Congress designed to be unusually protective of claimants," the Supreme Court went on to state that "[w]hile in most cases the Secretary will make the determination whether it is proper to extend the period within which review must be sought, cases may arise where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Bowen*, 476 U.S. at 480 (quotations omitted); *see, e.g.*, *Jorgensen*, 2017 WL 431777, at *4; *Montez*, 2009 WL 88337, at *5. Given that it is undisputed the Complaint was filed outside of § 405(g)'s prescribed limitations period, the issue before the Court is "whether the balance of the equities lies in

7

favor of tolling . . . [that] period." *Jorgensen*, 2017 WL 431777, at *3.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Thompson v. Comm'r of Soc. Sec. Admin.*, 919 F.3d 1033, 1036 (8th Cir. 2019) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988) (per curiam) ("Generally, equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent."). "[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Thompson*, 919 F.3d at 1037 (quoting *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016)).

Plaintiff diligently pursued his rights by timely moving for an extension to file this action. While the Commissioner submitted an affidavit stating that he is not aware of any request for any extension of time being submitted, Plaintiff has provided evidence of the requested extension and confirmation of the fax transmissions to two different numbers. *Contra Montez*, 2009 WL 88337, at *4. The Commissioner has not disputed this evidence. *See Baker v. Comm'r of Soc. Sec.*, No. 10-13748, 2011 WL 1598632, at *4 (E.D. Mich. Apr. 28, 2011) ("Although questions may exist as to whether the request was in fact received by the Appeals Council, the evidence of record supports the allegation that the request was sent. In the instant case, Plaintiff has provided affidavit support for her contention that she made a good faith effort to seek an extension from the Appeals Council.

The Court is not inclined to conclude, based solely on Defendant's contention that the [Social Security Administration] shows no receipt of such a request, that Plaintiff's non-attorney representative blatantly misrepresented his actions to this Court."). This is not a situation in which Plaintiff mistakenly sent his extension request to the wrong place. *Contra Thompson*, 919 F.3d at 1037. Nor has the Commissioner argued that the basis for the extension does not constitute good cause. *See* 20 C.F.R. §§ 404.982, .911.

Courts "presented with similar factual scenarios . . . have found for and against the application of equitable tolling." *Jorgensen*, 2017 WL 431777, at *4 (citing cases); *compare, e.g.*, *Phillips*, 2020 WL 4429552, at *3; *Shidler v. Berryhill*, No. 3:17cv112-PPS, 2018 WL 1536563, at *2 (N.D. Ind. Mar. 29, 2018); *Bower v. Berryhill*, No. 16-cv-219-FPG, 2017 WL 4100073, at *3-4 (W.D. N.Y. Sept. 14, 2017); *Jorgensen*, 2017 WL 431777, at *5-6; *McParland v. Colvin*, 215 F. Supp. 3d 129, 131-33 (D. Mass. 2016); *Rivera-Gonzalez v. Astrue*, No. 8:11-CV-172-T-30EAJ, 2011 WL 2434071, at *2 (M.D. Fla. June 16, 2011); *Baker*, 2011 WL 1598632, at *3-4; *Sanchez ex rel. Sanchez v. Barnhart*, No. 03-C-537-C, 2004 WL 1005589, at *2 (W.D. Wis. May 4, 2004); *and Aschettino v. Sullivan*, 724 F. Supp. 1116, 1117-18 (W.D. N.Y. 1989) (applying equitable tolling) *with Harmon v. Berryhill*, No. 17-cv-05139-RMI, 2018 WL 5310790, at *3-4 (N.D. Cal. Oct. 25, 2018); *Haseeb v. Colvin*, No. 3:15-cv-03931-LB, 2015 WL 9258086, at *4-5 (N.D. Cal. Dec. 18, 2015), *aff'd sub nom. Haseeb v. Berryhill*, 691 F. App'x 391 (9th Cir. 2017); *Vasquez v. Colvin*, No. EDCV 14-00910-DFM, 2014 WL 5761133, at *4-5 (C.D. Cal. Nov. 5, 2014); *and Montez*, 2009 WL 88337, at *4-5 (no equitable tolling).

Here, the Complaint was filed within the period of the requested extension, less than 30 days past the May 21 deadline. *Contra Sahu v. Astrue*, 321 F. App'x 529, 530 (8th Cir. 2009) (per curiam) (suit filed after expiration of final extension); *Korfe v. Astrue*, No. 09-cv-3163(ADM/JJG), 2010 WL 2399694, at *2 (D. Minn. May 25, 2010) (same), *report and recommendation adopted*, 2010 WL 2399686 (D. Minn. June 11, 2010). The Commissioner has not asserted prejudice as a result of the delay. *See Shidler*, 2018 WL 1536563, at *2 ("Finally, the Commissioner will not be substantially prejudiced because Shidler filed this action only 30 days after the initial deadline for filing a civil action."); *Baker*, 2011 WL 1598632, at *4 (same); *see also McParland*, 215 F. Supp. 3d at 132 (considering prejudice). Nor is there anything in the record to suggest that Plaintiff had repeatedly sought extensions and this was merely his latest in a series of such requests. *See Stone v. Heckler*, 778 F.2d 645, 648 (11th Cir. 1985) (suit filed approximately two months after second extension had expired and after third extension request was denied).

Lastly, the letter from the Appeals Council contained the same operative language indicating a forthcoming response to an extension request that several courts have viewed as problematic and potentially misleading. *See, e.g.*, *Phillips*, 2020 WL 4429552, at *3; *Bower*, 2017 WL 4100073, at *3; *Jorgensen*, 2017 WL 431777, at *5; *Rivera-Gonzalez*, 2011 WL 2434071, at *1-2.

In light of the foregoing, and based on the weight of the authority, the Court "finds that the equities lie in favor of tolling the statute of limitations." *Jorgensen*, 2017 WL 431777, at *6. The Court therefore recommends that the Commissioner's motion be

10

denied. The Court further recommends that the Commissioner be directed to file his answer and the certified copy of the administrative record within 14 days from a ruling on this Report & Recommendation.

### IV. RECOMMENDATION

Based upon the record, memoranda, and the proceedings herein, and for the reasons stated above, **IT IS HEREBY RECOMMENDED** that:

1. The Commissioner's Motion to Dismiss Plaintiff's Complaint as Untimely, ECF No. 12, be **DENIED**.

2. The Commissioner be directed to file his answer and the certified copy of the administrative record within 14 days from a ruling on this Report & Recommendation.

Dated: June  9 , 2021  *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Gerald L. v. Saul*
Case No. 20-cv-1352 (SRN/TNL)

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).