UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gerald L.,[1]

        Plaintiff,

v.

Frank Bisignano,
*Commissioner of Social Security*,

        Defendant.

No. 20-cv-1352 (KMM/TNL)

**ORDER**

        Plaintiff originally filed this action on June 11, 2020. Doc. 1. On September 26, 2022, the Court remanded the matter to the Commissioner of Social Security for further proceedings consistent with the findings and conclusions of the Report and Recommendation of United States Magistrate Judge Tony N. Leung (ret.). Doc. 39. On December 6, 2022, the Court approved a stipulation for an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. 45. Subsequently, an Administrative Law Judge for the Social Security Administration issued a favorable decision for Plaintiff, awarding $86,545 in past-due benefits. On August 11, 2025, Plaintiff's counsel filed a motion for an award of an attorney fee pursuant to 42 U.S.C. § 406(b)(1). Doc. 46. The Commissioner takes no position on the motion, but asserts that it is up to the Court to determine whether the fee requested by Plaintiff's counsel is reasonable. Doc. 53.

        Under 42 U.S.C. § 406(b), the Court may award a "reasonable fee" to a successful claimant's counsel for work performed before the Court, in an amount not to exceed 25% of the

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in Social Security opinions.

total past-due benefits awarded to the claimant. The 25-percent figure is merely an upper cap on fees established by Congress, and counsel for a successful claimant must still "show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The Court has an independent obligation to determine whether an attorneys' fee award in this amount is reasonable. *Id.*

The Court must first determine whether the Plaintiff was successful because a requirement of § 406(b)(1)(A) is "a judgment favorable to the claimant." The Court finds the representation of Plaintiff was ultimately successful because it resulted in the award of $86,545 in past-due disability benefits. *See, e.g.*, *Smith v. Kijakazi*, No. 19-cv-01571 (SRN/HB), 2023 WL 3580817, at *2 (D. Minn. May 22, 2023) (awarding fees under § 406(b)(1)(A) where the plaintiff's counsel secured over $80,000 in past-due disability benefits).

Next, the Court must determine if the requested fee is reasonable. Plaintiff's counsel seeks $21,636.25 as an attorney fee, amounting to 25% of the past-due benefits awarded and the maximum permitted under § 406(b)(1). The Court finds that the requested fees are reasonable. Plaintiff entered a contingency agreement with his counsel in which he agreed to pay 25% of any past-due benefits awarded. Doc. 48-2. The fee agreement comports with the 25% statutory cap imposed by § 406(b). The Supreme Court has explained that contingent-fee agreements for the statutory maximum 25% of past-due benefits "are the most common fee arrangement between attorneys and Social Security claimants." *Gisbrecht*, 535 U.S. at 800. There is also no indication that Plaintiff's counsel caused any delay in this matter or provided substandard representation which could warrant a reduction. *Id.* at 808.

Nor would the full award here be so "large in comparison to the amount of time counsel spent on the case" as to warrant a reduction. *Id.* Plaintiff's counsel spent a combined 50.35 hours

on this case, which means the full amount requested would compensate counsel at an effective rate of $429.72 per hour. This rate is certainly below other approved rates in this district. *E.g.*, *Smith*, 2023 WL 3580817 at *2 (approving award with effective rate of $900 and collecting cases from this district approving awards amounting to greater effective rates). Finally, the number of hours that Plaintiff's counsel reported spending on this matter is not excessive in light of their memoranda filed in opposition to the Commissioner's motion to dismiss, their briefing on the merits, and the otherwise lengthy administrative record at issue.

Considering the terms of the contingency fee agreement between Plaintiff and his counsel, the amount of effort expended on Plaintiff's case, the length of the proceedings, the comparable rates awarded for Social Security cases in this District, and the statutory requirements of Section 406(b), the Court finds that a fee award of $21,636.25 is reasonable.[2]

Attorneys may collect fee awards for the same work under both EAJA and 42 U.S.C. § 406(b), but the attorney must "refun[d] to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 183, 186). Here, the fee awarded under EAJA is smaller than that under § 406(b), so Plaintiff's counsel must refund Plaintiff the $8,800 in previously awarded EAJA fees. "Unlike Section 406(b) fees, which are taken from the claimant's recovery, EAJA fees are paid from agency funds as a penalty to the Commissioner." *Drake v. Comm'r of Soc. Sec.*, No. 14-12662, 2016 WL 492704, at *2 (E.D. Mich. Feb. 9, 2016) (citation omitted).

---

[2] The Commissioner requests that the Court specify in its Order that any amount it authorizes in § 406(b) fees is to be paid out of Plaintiff's past-due benefits in accordance with agency policy. If the withheld benefits in the Commissioner's possession are insufficient to satisfy the fees awarded, the Commissioner contends that Plaintiff's counsel must look to Plaintiff, not the past due benefits, to recover any shortfall. Doc. 53 at 2. The Court declines to provide such a qualification to its Order because the Commissioner has made no showing that the funds withheld from the past-due benefits in this case are insufficient to satisfy the attorney fee awarded.

**ORDER**

For the reasons set forth above, **IT IS HEREBY ORDERED THAT**

1. Plaintiff's motion for an attorney fee pursuant to 42 U.S.C. § 406(b)(1) is **GRANTED**.

2. The Commissioner shall pay $21,636.26 directly to Plaintiff's counsel, attorney Meredith E. Marcus.

3. Plaintiff's counsel, Ms. Marcus, shall refund to Plaintiff the EAJA fee of $8,800, which is the amount of the EAJA award already paid to Ms. Marcus and now credited to Plaintiff.

Date: August 28, 2025                    *s/Katherine Menendez*
                                          Katherine Menendez
                                          United States District Judge

4